SANTINI ET AL., PETICIONARIOS, *v.* LÓPEZ ACOSTA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Guayama, en pleito sobre inexistencia de contrato, etc.

No. 276.—Resuelto en junio 24, 1920.

CERTIORARI—EVICCIÓN Y SANEAMIENTO.—El *certiorari* no es un recurso de procedencia obligatoria y cuando el Tribunal Supremo se convence de que se cum-

plen mejor los fines de la justicia permitiendo que el asunto siga adelante para resolver la cuestión envuelta, en su caso, en apelación, no debe decidir tal cuestión en el recurso de *certiorari*. Aplicando ese principio, si bien la cuestión de evicción suscitada se estudió en la opinión, no se decidió finalmente.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. C. Domínguez Rubio.*

El demandado compareció por escrito.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un recurso de *certiorari*. Los peticionarios son los demandantes en el pleito No. 3277 seguido en la Corte de Distrito de Guayama contra Ramón San Miguel y otros sobre declaratoria de inexistencia de contrato, reconocimiento de propiedad o condominio y daños y perjuicios. En 1889 Ramón Santini, padre de los peticionarios, estando casado con Joaquina Rodríguez, madre de los mismos, compró cierta finca rústica en Aibonito. Murió la madre. El padre contrajo nuevo matrimonio y entonces vendió la finca de que se trata sin intervención de los hijos, en 1893, al demandado San Miguel. Este vendió a su vez una porción de la finca, pero está en posesión aún del resto.

Emplazado el demandado, presentó una moción pidiendo que se citara de evicción a los herederos de su vendedor. El mismo día que presentó esa moción, alegando que lo hacía sin perjuicio de ella, archivó un escrito de excepción a la demanda. La citación de evicción solicitada se ordenó pero no se llevó a efecto. Se celebró la vista de la excepción previa alegada y la corte decidió el caso en favor del demandado. Los demandantes enmendaron su demanda. El demandado la excepcionó de nuevo y la contestó. Luego solicitó una sentencia sobre las alegaciones, que se dictó finalmente y que fué favorable al demandado. Apelaron los demandantes y esta Corte Suprema, en julio 31, 1919, revocó el fallo recurrido devolviendo el caso para ulteriores procedimientos. *Santini et al.* v. *San Miguel et al.*, 27 D. P. R. 816.

Así las cosas y el caso de nuevo en la corte de distrito.

solicitó el demandado otra vez que se citara de evicción a los herederos de su vendedor. Accedió la corte y los demandantes le pidieron que reconsiderara su resolución por los siguientes motivos:

A. Porque no tiene derecho en este caso el demandado don Ramón Díaz San Miguel a tal. citación de evicción y saneamiento, toda vez que no se trata de una venta que a él hiciera la madre de los demandantes, sino su padre a nombre de una sociedad de gananciales que no existía.

B. Porque en este caso se alega que el comprador Díaz San Miguel adquirió de mala fé la finca objeto de esta controversia, a sabiendas que lo que compraba no pertenecía al vendedor, y porque además el dicho demandado pudo averiguar que quien le vendía toda la finca no era dueño de ella.

C. Porque en la hipótesis que tal derecho exista desde el 27 de mayo de 1917 en que se decidió por la corte la solicitud de evicción que se hiciera, hasta hoy han pasado más de dos años sin que tal notificación se haya hecho, no obstante residir el demandado en Aibonito y la ley provee que dicha notificación se hará dentro del plazo más breve dentro del que señala la Ley de Enjuiciamiento Civil vigente.

D. Porque el demandado al contestar la demanda y hacer otras gestiones más en este pleito, antes de haberse notificado a los demandantes de la evicción y saneamiento, renunció a cualquier derecho que tuviera con motivo de la tal citación de evicción.

La corte de distrito se negó a reconsiderar su resolución y los demandantes establecieron entonces el presente recurso de *certiorari* y por medio de él han sometido a esta Corte Suprema las mismas cuestiones que suscitaron en la corte de distrito. Los motivos señalados con las letras A y B no deben estudiarse y resolverse dentro de este recurso. Los señalados con las letras C y D serán examinados en cuanto puedan entrañar una cuestión de procedimiento.

El artículo 1385 del Código Civil Revisado dice:

"Artículo 1385.—El comprador demandado solicitará, dentro del término que la ley de enjuiciamiento civil señala para contestar a la demanda, que ésta se notifique al vendedor o vendedores en el plazo más breve posible.

La notificación se hará como la misma ley establece para emplazar a los demandados.

El término de contestación para el comprador quedará en suspenso ínterin no expiren los que para comparecer y contestar a la demanda se señalen al vendedor o vendedores, que serán los mismos plazos que determina para todos los demandados la expresada Ley de Enjuiciamiento Civil, contados desde la notificación establecida en el párrafo primero de este artículo.

Si los citados de evicción no comparecieren en tiempo y forma, continuará respecto del comprador, el término para contestar a la demanda."

Comentando Manresa el artículo 1482 del Código Civil Español, igual al 1385 del Código Civil Revisado de Puerto Rico, se expresa así:

"El comprador tiene únicamente una sola condición que cumplir; la de que se notifique la demanda; en resultando esto probado, su derecho al saneamiento es perfecto, sin que nada pueda oponer el vendedor. He aquí la preparación del ejercicio de la acción de evicción de que hablamos en el comentario del precedente artículo: el saneamiento, según el artículo 1480 no podrá exigirse hasta que haya recaído sentencia firme; pero la acción de evicción se prepara antes de esa sentencia, haciendo que la demanda se notifique al vendedor.

"Faltando la notificación—concluye el artículo 1481—el vendedor no estará obligado al saneamiento; con lo que queda determinado de un modo claro, que el efecto del incumplimiento por parte del comprador del hecho que condiciona su derecho, es la absoluta pérdida de éste.

"El artículo 1482 se ocupa ya del modo práctico de hacer la notificación a que venimos refiriéndonos, del momento oportuno en que debe verificarse y de sus efectos inmediatos. Contiene preceptos muy importantes para todo comprador y que deben ser cumplidos con la más perfecta exactitud por éste, pues si la ley le concede

la acción de evicción y obliga al vendedor al saneamiento, justo es que exija del comprador la debida diligencia para que no resulten perjudicados los intereses de su transferente.

"El comprador no puede ni debe perder tiempo; en cuanto le den traslado de la demanda, y dentro del termino que la' ley le concede para contestarla, debe solicitar del juzgado que dicha demanda se notifique al vendedor o vendedores. * * *

"No dice el código en qué plazo ha de efectuarse la notificación al vendedor, limitándose a expresar que en el más breve plazo posible, y bien valía la pena de que ese plazo se hubiese fijado, porque hay que tener en cuenta que, según el artículo 1481, lo que eficazmente deja preparado el ejercicio de la acción de evicción no es la mera solicitud del comprador de que la demanda se notifique al vendedor, sino el hecho de la notificación. Entendemos que esta diligencia ofrece desde luego caracteres de urgente, es de realización inmediata, que el juez o el actuario que la demorasen incurrirían en responsabilidad, y que, por último, el espíritu del código al decir en el *plazo más breve posible,* ha sido denotar el carácter de urgencia que nosotros sin vacilar le atribuimos. * * *

10 Manresa, Código Civil Español, 212–213.

Y Scaevola, en el tomo 23, página 589 y siguientes de sus comentarios al Código Civil dice:

"Trata de este punto el artículo 1482 del código, fijando claramente una situación que tiempo atrás se hallaba poco y mal definida, sobre todo en lo que se refiere al momento en que debe llenarse el requisito de citar al vendedor.

"La opinión de Pomponio, en la ley 29, Título II, Libro XXI del Digesto, es' que en cualquier tiempo puede hacerse saber al vendedor que comparezca para defender la cosa, con tal que esto no tenga lugar poco tiempo antes de la condena. En las leyes 32 y 36 del Título V Partida 5ª., requiérese que el pleito se notifique al vendedor 'desde luego' a lo más tarde antes que' sean abiertos los testigos en juicio." Y la jurisprudencia del Tribunal Supremo (sentencias, entre otras, de 17 de marzo de 1865 y 15 y 17 de diciembre de 1873), así como la opinión de la generalidad de los' autores, interpretan la legislación alfonsina en el sentido de que la notificación ha de hacerse 'antes de la publicación de probanzas o antes de unirse las pruebas a los autos.'

"Opinaba Viso justísimamente que ésta era una mala interpreta-

ción, pues de ella se sigue que como tales actos tienen lugar después de concluído el término de prueba, de nada serviría el aviso dado al vendedor si había ya transcurrido el tiempo para utilizar su defensa; añadiendo que el que pueda subsanarse este defecto en grado de apelación, no debe servir para que se le restrinjan los medios de defensa y quede privado de utilizarlos en la primera instancia, por no habérsele avisado en tiempo oportuno; y que, por consecuencia, es más propio decir que el comprador ha de citar al vendedor, o desde luego que se haya movido el pleito, o antes que haya concluído el término de la prueba, de modo que le quede tiempo para que pueda hacer su defensa, como era ya la opinión de Gregorio López en sus glosas. A lo que añadiríamos nosotros, si comentáramos la legislación antigua, que la citación se debería hacer, por lo menos, en el primer período probatorio, o sea en el de la proposición de pruebas; pues abierto el segundo, la defensa sería punto menos que inútil.

\*　\*　\*

"Requiere el artículo, en su párrafo primero, que la notificación al vendedor o vendedores se haga en el plazo más breve posible. Este plazo, que es el que debe mediar entre la providencia del juez accediendo a la solicitud del comprador demandado y el acto material de la notificación, no puede ser realmente más breve que el de un día que señala como máximum el artículo 260 de la Ley de Enjuiciamiento para toda clase de notificaciones. Cabría haber fijado el término por horas; pero ni la ley lo hace, ni razón ninguna ciertamente lo aconseja."

Basta simplemente leer en verdad el artículo 1385 arriba transcrito para concluir que la citación debe solicitarse y verificarse como regla general antes de que el demandado conteste la demanda.

¿Pero el hecho de que así no se haga, implica que el comprador pierde en absoluto su derecho? Si la notificación no se lleva a efecto no obstante haberse solicitado y el comprador contesta y se sigue el juicio y se dicta sentencia en contra suya, libre quedaría a nuestro juicio el vendedor, de acuerdo con lo prescrito en el artículo 1384 del Código Civil revisado; pero si como en este caso la sentencia dictada se revoca por el tribunal de apelación y devuelto el pleito de nuevo se solicita y acuerda la citación, dándose al vendedor

amplia libertad para defenderse, dudamos que la citación realizada en tales condiciones sea nula en absoluto y carezca de toda eficacia legal. Y no nos sentimos inclinados a resolver esa duda en un procedimiento de *certiorari,* estando como están envueltas en ella cuestiones de derecho sustantivo reguladas por el Código Civil.

Además, la citación de evicción está llamada a producir los efectos que dicho código señala, entre el demandado y la persona de quien deriva su derecho, pero no afecta al demandante. No vemos que la mera notificación cause al demandante por ahora perjuicio alguno efectivo; y si llegare a causársele alguno en contra de la ley, ocasión tendrá de hacer valer sus derechos en el recurso ordinario de apelación que pueda entablar en su día contra la sentencia definitiva en el caso de que le fuera adversa. Así lo dijimos al resolver el caso de *Franceschi et al.* v. *Sepúlveda,* 27 D. P. R. 118.

De todos modos, no siendo como no es el recurso de *certiorari* de procedencia obligatoria, opinamos que se cumplen mejor los fines de la justicia si permitimos que el asunto siga adelante para ser resuelto, en su caso, en apelación, en lugar de pretender decidirlo definitivamente ahora.

Por virtud de lo expuesto debe anularse el auto expedido y devolverse el pleito a la corte de su origen para que continue tramitándolo de acuerdo con la ley.

*Anulado el auto expedido y devuelto el pleito*
*a la corte de su origen para que continúe*
*tramitándolo de acuerdo con la ley.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.